UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES MOSS )
)
              Plaintiff, )
v. )  CIVIL NO. 3:10CV436
)
PORTFOLIO RECOVERY ASSOCIATES, LLC )
)
    SERVE:    Judith Scott )
                 120 Corporate Blvd. )
                 Norfolk, VA 23502 )
)
              Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Charles Moss (hereafter, "Moss" or "Plaintiff"), by counsel, and as for his Complaint against the Defendant, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA").

### JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

### PARTIES

3. Plaintiff is a natural person, resides within the Eastern District of Virginia, and at all times relevant hereto was a "consumer" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

1

4. Defendant Portfolio Recovery Associates, LLC, (hereafter, "PRA, LLC"), is a Delaware limited liability company with its headquarters and principal place of business located in Virginia Beach, Virginia. PRA, LLC is the wholly owned subsidiary of Portfolio Recovery Associates, Inc. (hereafter, "PRA, Inc."). PRA, Inc. is a debt purchaser and buys stale consumer debts from creditors and other debt collectors. PRA, LLC then initiates collection actions in Virginia state courts to collect the debts owned by PRA, Inc. At all times relevant hereto, PRA, LLC was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. In or around the fall of 2008, Plaintiff fell behind on his scheduled monthly payments to Capital One National Association ("Capital One").

6. Upon information and belief, Capital One thereafter sold Plaintiff's account to PRA, Inc.

7. Plaintiff first became aware that the account had been transferred to a debt collector when he received calls at his place of employment.

8. Plaintiff attempted to negotiate a payment plan with PRA, LLC in good faith, but the Defendant refused to accept partial payments.

9. Plaintiff informed the Defendant on multiple occasions that he could not receive collection calls at his place of employment, and further, that the Defendant should stop calling him.

10. Despite Plaintiff's prior instruction to the Defendant that he was not permitted to accept personal calls at his place of employment and despite its failure to provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g, Defendant PRA, LLC thereafter continued to contact Plaintiff at his place of employment and on his personal line.

11. The Defendant thereafter spoke with numerous individuals at Plaintiff's place of employment and badgered them for personal information regarding the Plaintiff.

12. These unlawful communications with Plaintiff and his co-workers at his place of employment were the proximate cause of actual damages suffered by the Plaintiff.

13. In November of 2009, Defendant sued Plaintiff with regard to the Capital One debt allegedly owed by the Plaintiff.

14. The Defendant proceeded against the Plaintiff by filing a Warrant in Debt.

15. At the time of the filing of the Warrant in Debt, the Defendant additionally filed an Affidavit in Support of Default Judgment which made certain representations as to the Plaintiff's military status.

17. At the time Defendant PRA, LLC filed the Affidavit in Support of Default Judgment and served it upon the Plaintiff, he was not in default.

18. Upon information and belief, as part of its standard litigation strategy, Defendant PRA, LLC files and serves the Affidavit in Support of Default Judgment at the same time that it files its initial pleading in its collection cases in an attempt to confuse and/or mislead the least sophisticated consumer into believing that he or she is in default.

19. In the alternative, and regardless of the Defendant's intent, the filing and service upon the consumer of this document would serve to confuse and/or mislead the least sophisticated consumer into believing that he or she is in default.

20. Along with the Warrant in Debt and Affidavit in Support of Default Judgment, Defendant PRA, LLC filed a document titled "Affidavit of Ownership and Sale of Claim" in which it made false statements regarding its ownership of the debt.

3

21. In paragraph 1 of the document titled "Affidavit of Ownership and Sale of Claim," Ms. Roberts swore under penalty of perjury on August 13, 2009 that Portfolio Recovery Associates, LLC was the "Account Assignee."

22. In paragraph 3, Ms. Roberts further swore that the "Account Assignee" owns "the account, and all proceeds of the account."

23. At the time that Ms. Roberts signed the Affidavit of Ownership, the Defendant did not own the debt. Instead, upon information and belief, PRA, Inc. owned the debt, and PRA, LLC was merely acting as a "servicer" on the debt in its function as a debt collector.

24. Each of the statements set forth above in paragraphs 21 and 22 were false statements made by the Defendant through Ms. Roberts, in an attempt to collect a debt.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692b(3)

25. Plaintiff reincorporates the allegations set forth in paragraphs 1-24 above as if fully set out herein.

26. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(3) by its actions which include but are not limited to the representations made by the Defendant during its repeated communications with third parties when the Defendant had no reasonable basis to believe that the earlier responses of said third parties concerning their knowledge of Plaintiff's location information were erroneous or incomplete.

27. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to Plaintiff's place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

28.  Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)

29.  Plaintiff reincorporates the allegations set forth in paragraphs 1-28 above as if fully set out herein.

30.  The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by its actions which include but are not limited to the statements made by the Defendant during its repeated, unauthorized communications with Plaintiff's at his place of employment following his repeated notification to the Defendant that his employer prohibited such calls.

31.  As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

32.  Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692c(b)

33.  Plaintiff reincorporates the allegations set forth in paragraphs 1-32 above as if fully set out herein.

34.  The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by its actions which include but are not limited to the statements made by the Defendant during its repeated, unauthorized communications with Plaintiff's co-workers without prior consent of the Plaintiff and without express permission of a court.

35. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

36. Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692d

37. Plaintiff reincorporates the allegations set forth in paragraphs 1-36 above as if fully set out herein.

38. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions which include but are not limited to abusing and harassing the Plaintiff by its repeated calls to Plaintiff's place of employment.

39. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

40. Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692e

41. Plaintiff reincorporates the allegations set forth in paragraphs 1-40 above as if fully set out herein.

42. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e by its actions which include but are not limited to its false and deceptive statements and actions

as described herein contained in its Affidavit in Support of Default Judgment and "Affidavit of Ownership and Sale of Claim."

43. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

44. Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

45. Plaintiff reincorporates the allegations set forth in paragraphs 1-44 above as if fully set out herein.

46. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by its actions which include but are not limited to its false and deceptive statements as described herein contained in its Affidavit in Support of Default Judgment and "Affidavit of Ownership and Sale of Claim."

47. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

48. Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVEN:
## VIOLATION OF 15 U.S.C. § 1692e(5)

49. Plaintiff reincorporates the allegations set forth in paragraphs 1-48 above as if fully set out herein.

50. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by its actions which include but are not limited to its false, deceptive and misleading statements as described herein contained in its Affidavit in Support of Default Judgment and "Affidavit of Ownership and Sale of Claim."

51. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

52. Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHT:
## VIOLATION OF 15 U.S.C. § 1692e(10)

53. Plaintiff reincorporates the allegations set forth in paragraphs 1-52 above as if fully set out herein.

54. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions which include but are not limited to its false, deceptive and misleading statements as described herein contained in its Affidavit in Support of Default Judgment and "Affidavit of Ownership and Sale of Claim."

55. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

56. Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT NINE:
## VIOLATION OF 15 U.S.C. § 1692f

57. Plaintiff reincorporates the allegations set forth in paragraphs 1-56 above as if fully set out herein.

58. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by its actions described herein.

59. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

60. Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TEN:
## VIOLATION OF 15 U.S.C. § 1692g

61. Plaintiff reincorporates the allegations set forth in paragraphs 1-60 above as if fully set out herein.

62. In its failure to provide notice of Plaintiff's right to request verification of the alleged debt within 5 days of initial communication, Defendant PRA, LLC violated 15 U.S.C. § 1692g.

63. As a result of the actions taken by the Defendant, which include but are not limited to its repeated communications to his place of employment and to third parties, its false representations, and other violations set forth herein, Plaintiff has experienced actual damages.

64. Plaintiff is therefore entitled to actual and statutory damages against Defendant PRA, LLC as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act against the Defendant, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**CHARLES MOSS**

By _____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com